IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:00cr72-MHT |
| **WILLIE MAY** | ) | (WO) |

### ORDER

Upon an independent and de novo review of the record, including the recommendation of the Retroactivity Screening Committee, which is adopted, it is ORDERED that defendant Willie May's motion for reduction of sentence (doc. 727) is denied.

The United States Sentencing Commission's retroactive amendment to the federal sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine does not apply to May's guideline sentence because it was not based on any crime involving cocaine base or crack cocaine. May's guideline sentence was based on his status as a career offender. See United States v. Moore, --- F.3d ----, ----, 2008 WL 4093400 *7 (11th Cir. 2008)

("Here, although Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1.  Accordingly, we affirm the denials of the defendants' motions."). Moreover, even if career-offender status did not apply, May would be ineligible under the retroactive amendment because he was held accountable only for cocaine hydrochloride.

    DONE, this the 23rd day of September, 2008.


                                      /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**